UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                           Case No. 10-56463

OAKLAND HILLS LAND DEVELOPMENT, LLC,                       Chapter 11

        Debtor.                                                                         Judge Thomas J. Tucker
_____/

**OPINION REGARDING UNITED STATES TRUSTEE'S MOTION TO CONVERT CASE UNDER 11 U.S.C. § 1112(b), AND CONVERTING THIS CHAPTER 11 CASE TO CHAPTER 7**

This case is before the Court on a motion filed by the United States Trustee, entitled "Motion to Convert Case Under 11 U.S.C. § 1112(b)" (Docket # 53, the "Motion"). The Motion seeks conversion of this Chapter 11 case to Chapter 7, based on Debtor's failure to attend the § 341 meeting of creditors on June 17, 2010, "with no reasonable explanation or good cause presented for [Debtor's] failure to attend," that meeting, and other grounds.

The Debtor filed an objection to the Motion, and Independent Bank filed a response, urging conversion. The Court concludes under the circumstances that a hearing is not necessary, particularly in light of the lengthy hearing that the Court held on June 11, 2010, on Independent Bank's motion entitled "Emergency Motion to Dismiss Pursuant to 11 U.S.C. § 1112[(b)]." The Court determined at the June 11, 2010 hearing that Independent Bank had not yet established *gross* mismanagement of the estate by the Debtor, and thus denied Independent Bank's motion to dismiss at that time. *See* 11 U.S.C. § 1112(b)(4)(B). But, the Court did find that there had been mismanagement of the estate by the Debtor. Based on the finding of mismanagement, the Court reserved the right, if the mismanagement continued, to find, at a later date, cause to justify conversion or dismissal, or the appointment of a Chapter 11 trustee. And the Court warned Debtor's counsel during the June 11 hearing that there must be a quick and significant

improvement in the management of this bankruptcy case by Debtor and Debtor's management.

Despite this, on June 17, 2010, Debtor's responsible person, Ms. Hanna Karcho-Poselli, failed to attend the § 341 meeting of creditors. The Court concludes that because of Debtor's failure to attend the § 341 meeting, there is cause, under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(G), to dismiss or convert this case to Chapter 7. Debtor's objection to the Motion does not allege any facts that would establish "good cause" for Ms. Karcho-Poselli's failure to attend the June 17, 2010 § 341 meeting, as required by 11 U.S.C. § 1112(b)4)(G). Rather, her failure to attend is not only inexcusable; it is outrageous, especially given the following:

> 1. Debtor's counsel was reminded several times during the June 11 hearing of the June 17 date for the first meeting of creditors.
>
> 2. On June 11, the court held a hearing in a companion case to this one (*In re Alexander Property Investments, LLC*, Case No. 10-55071). Ms. Karcho Poselli is the sole owner of both that debtor and the Debtor in this case, and has the same debtor's counsel in both cases. During the June 11 hearing, the court dismissed the *Alexander Property* case because of Ms. Karcho-Poselli's failure to attend the 341 meeting in *that* case.

The Court further finds, under 11 U.S.C. § 1112(b)(1), that conversion, rather than dismissal, is in the best interests of the creditors and the estate.

For these reasons, the Court will enter an order granting the Motion and converting this case to Chapter 7.

**Signed on June 23, 2010**

                                                  **/s/ Thomas J. Tucker**
                                                  **Thomas J. Tucker**
                                                  **United States Bankruptcy Judge**